No. 6149.

J. W. HICKMAN ET AL. VS. C. H. WILLETT, SHERIFF, ET AL.

Mary A. Hickman, widow of W. P. Hickman, executed three notes and a mortgage in favor of John L. Lee & Co., commission merchants. Subsequently, Samuel Mitchell and A. B. Henshaw sued out executory process on the notes aforesaid, which had been transferred to them, and the mortgaged property was advertised for sale.

The plaintiffs, who allege themselves to be the heirs of said William P. Hickman, deceased, enjoined the sale on the allegations that the said property was pur- chased for them by the executor of their father out of and with his funds, and the title thereto was taken in the name of their mother, Mary A. Hickman, as their tutrix, and that the plaintiffs in the executory proceedings are not the legal owners of the said notes, because the firm of Lee & Co. were declared bank- rupts within three months of the transfer of said notes.

The assignees of Lee & Co. intervened, claiming the notes and resisting the sale.

The defendants in injunction answered by general denial and the averment that the said property belonged to Mrs. Hickman by inheritance from her father; and to the intervention they interposed a plea to the jurisdiction of the court.

The evidence is not sufficient to support the claim of the plaintiffs in injunction, In regard to the intervention, it was properly dismissed by the court below, as it presented an issue belonging to another tribunal.

APPEAL from the Ninth Judicial District Court, parish of Grant. Orsborn, J. *J. G. White* and *T. C. Manning*, for plaintiffs and appel-

lees. *Manning,* for intervenors and appellants. *R. A. Hunter* and *R. J* *Bowman,* for defendants and appellants.

Howell, J.   On the twenty-sixth of December, 1867, Mary A. Hickman, widow of Wm. P. Hickman, executed three notes and a mortgage in favor of John L. Lee & Co., commission merchants in New Orleans.   In November, 1873, Samuel Mitchell and A. B. Henshaw each sued out executory process on the notes, and the mortgaged property was advertised for sale in January, 1874.   The plaintiffs, who are the heirs of said Wm. P. Hickman, deceased, enjoined the sale on the allegations that the said property was purchased for them by the executor of their father out of and with his funds, and the title thereto was taken in the name of their mother, Mary A. Hickman, as their tutrix, and that the plaintiffs in the executory proceedings are not the legal owners of the said notes, because the firm of J. L. Lee & Co. were declared bankrupts within three months of the transfer of said notes.

The assignees of J. L. Lee & Co. intervened, claiming the notes and resisting the sale.

The defendants in injunction answered by general denial and the averment that the said property belonged to Mrs. Hickman by inheritance from her father, and to the intervention they interposed a plea to the jurisdiction of the court.

Judgment was rendered perpetuating the injunction and dismissing the intervention, from which the defendants and intervenors appealed.

As we think the evidence does not make out the case of the plaintiffs, upon whom the burden to do so rested, it is unnecessary to pass on the bills of exception to its admissibility.   No one of the witnesses testifies to having ever seen the alleged act of purchase.   They simply speak of the common understanding in the family and among some of the neighbors that the property in question was bought by the executor, who is dead, for the minors, with the funds of the testator.   The evidence is too vague and general to establish title to real property, and especially to overcome the effect of the notarial act of mortgage by Mrs. Hickman, which was accepted for the mortgager by a lawyer of high standing, and it is not easily presumable that he would have accepted for his clients a mortgage from one not an owner of the property mortgaged.

We think the plaintiffs have failed to sustain their injunction, and that the intervention was properly dismissed, as it presented an issue belonging to another tribunal.

It is therefore ordered that the judgment dismissing the intervention be affirmed, and that the judgment perpetuating the injunction be reversed and the injunction be dissolved, with ten per cent on the amounts enjoined, plaintiffs to pay costs of the injunction suit in both courts. Intervenors to pay costs of their intervention in both courts.

Rehearing refused.